UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


EDDIE PLACIDE,                          :
    Petitioner,                     :
                                  :      PRISONER
v.                                      :      Case No. 3:14v1722(JBA)
                                  :
STATE OF CONNECTICUT,                   :
    Respondent.                     :


## RULING ON WRIT OF ERROR CORAM NOBIS

On November 17, 2014, petitioner Eddie Placide, an inmate confined at the Franklin County Jail in Greenfield, Massachusetts, filed this action *pro se* for a writ of error coram nobis.  The petitioner challenges his November 2013 conviction for sexual assault in the second degree.  For the reasons that follow, the writ will be dismissed.

On November 13, 2013, in the Connecticut Superior Court for the Judicial District of Stamford, Connecticut, the petitioner pleaded guilty to one count of assault in the second degree and one count of assault in the third degree.  A judge sentenced the petitioner to a total effective sentence of three years of imprisonment, execution suspended, and two years of probation.

On April 14, 2014, the petitioner filed a state habeas petition in the Connecticut Superior Court for the Judicial

District of Tolland at Rockville.  *See Placide v. Warden, State*

*Prison*, TSR-CV14-4006126-S (Apr. 14, 2014).  On August 11, 2014,

a judge denied the habeas petition.  The petitioner appealed the

decision and the appeal remains pending in the Connecticut

Appellate Court.  *See Placide v. Commissioner of Correction*, AC

37189 (Sept. 12, 2014).[1]

The petitioner claims that on January 27, 2014, Immigration

and Customs Enforcement took him into custody.  He asserts that

Immigration officials have initiated removal proceedings against

him based on his November 13, 2013 conviction for second degree

assault.  He seeks to challenge that conviction on the ground of

ineffective assistance of counsel via a writ of error coram

nobis.

The All Writs Act, 28 U.S.C. 1651(a), authorizes the

district court to issue of a writ of error coram nobis under

extraordinary circumstances.  *See Foont v. United States*, 93

F.3d 86, 78 (2d Cir. 1996).  "[A writ of error] coram nobis is

essentially a remedy of last resort for petitioners who are no

longer in custody pursuant to a criminal conviction."  *Fleming*

---

[1] The Second Circuit has held that district courts may properly take judicial notice of docket sheets in other court cases. *See Mangifico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet in another case because "docket sheets are public records of which the court could take judicial notice")(citation omitted).  Accordingly, the court takes judicial notice of the docket sheet in the petitioner's Connecticut habeas petition which may be accessed by entering the docket number, 14-4006126, on the following website under Docket Number Search: http://civilinquiry.jud.ct.gov/.  The appeal of the denial of the state habeas may be accessed by entering Eddy Placide on the following website under Case Look-Up By Party Name: http://appellateinquiry.jud.ct.gov/.

*v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998).  It is "not

a substitute for appeal."  *See Foont*, 93 F.3d at 78.

Furthermore, a writ of error coram nobis applies only to the

court that issued the judgment of conviction.  It cannot be used

to challenge a state conviction in federal court.  *See*

*Finkelstein v. Spritzer*, 455 F.3d 131, 134 (2d Cir. 2006).

The petitioner challenges a state court sentence.  This

court "lacks jurisdiction to issue a writ of coram nobis to set

aside" a state court judgment.  *Id.*

Furthermore, the petitioner's two year probationary

sentence imposed on November 13, 2013 is still in effect.  The

petitioner does not challenge any removal proceedings by the

United States Immigration and Customs Enforcement Office that

may have occurred to date.  Thus, the court further concludes

that this is not a situation in which the petitioner is no

longer in custody.  Nor does it constitute an extraordinary

circumstance.  The writ of error coram nobis is denied.[2]

### Conclusion

The Writ of Error Coram Nobis [**Doc. No. 1**] is **DISMISSED**.  A

---

[2] The court will not construe the present petition as a petition for writ of habeas corpus because the petitioner has not exhausted his state court remedies as to his assault conviction.  As noted above, the petitioner's appeal of the decision denying the challenge to his assault conviction in state court is still pending.

certificate of appealability will not issue.  The Clerk is

directed to enter judgment and close this case.

   **SO ORDERED** this 13th day of March 2015, at New Haven,
Connecticut.


                                   /s/_____
                                   JANET BOND ARTERTON
                                   UNITED STATES DISTRICT JUDGE